HAMILTON, Circuit Judge,
concurring.
I join fully in Judge Williams’ opinion for the court. I add only that the district judge’s sentencing instincts were sound under 18 U.S.C. § 3553(a). The problem here is that the district judge tied the sentencing decision a little too closely to the sentencing guidelines, so that the errors in applying U.S.S.G. § 2T1.1, which applies to certain tax crimes, cannot be deemed harmless.
The parties and the district court all focused on § 2T1.1. The court could also have found useful guidance in the more general sentencing guideline for fraud, § 2B1.1, which applies to Black’s convictions under 18 U.S.C. § 514(a). If it had done so, it would have been permitted to' aggregate the face value of the multiple phony checks and bills of exchange, though aggregation is not permitted under § 2T1.1.
The underlying problem is that neither § 2T1.1 nor § 2B1.1 is a perfect fit for Black’s combination of crimes. Section 2T1.1 has no mechanism to take account of Black’s repeated efforts to pay the government with phony checks and bills of exchange. Section 2B1.1 has no mechanism to take account of the tax dimensions of his fraud. That imperfect fit and the rather arbitrary differences between § 2B1.1 and § 2T1.1 as applied to this case demonstrate the value of treating the sentencing guidelines as advisory under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). On remand, the district court should step back from the details of the guidelines and look at the entirety of Black’s crimes. In doing so, the court may take advice from any relevant guideline and must exercise judgment under 18 U.S.C. § 3553(a). In my view, the district court exercising its judgment under § 3553(a) on remand might well be able to impose a reasonable sentence as high as the original sentence.